IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASERN DIVISION

| | | |
|---|---|---|
| PATRICK & KATHLEEN MURPHY, | ) | |
| | ) | 1:20-cv-06146 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, PATRICK & KATHLEEN MURPHY, by and through their attorneys, SMITHMARCO, P.C., and for their complaint against the Defendant, BANK OF AMERICA, N.A., Plaintiffs state as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act, 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. PATRICK & KATHLEEN MURPHY, (hereinafter, "Plaintiffs") are individuals and a married couple who were at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times, Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

1

6. At all relevant times, Plaintiffs had an asset account in their name with Defendant (hereinafter, "Plaintiffs' Account").

7. At all relevant times, Plaintiffs' Account was established to hold funds used primarily for Plaintiffs' personal use and/or household expenditures.

8. At all relevant times, Plaintiffs' Comerica Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. BANK OF AMERICA, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant's principal place of business is in North Carolina.

10. At all relevant times, Defendant was a bank that held Plaintiffs' Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(8).

13. The transfer of money alleged below was at all times performed via an electronic terminal, telephonic instruction or computer or magnetic tape.

14. At all relevant times the electronic transfer of funds from Plaintiffs' Account to CLC Collections constitute an "electronic fund transfer" as that term is defined by 15 U.S.C. §1693a(7).

## IV. ALLEGATIONS

15. On or about October 3, 2019, $10,000 was transferred out of Plaintiffs' Account via wire transfer to a Regions Bank account owned a person named Sonia Mascarenhas.

16. Plaintiffs do not know Sonia Mascarenhas, have had no encounters with this person, and did not agree to send or transfer any money to this person.

17. Plaintiffs did not provide Sonia Mascarenhas with consent to debit funds from Plaintiffs' Account on October 3, 2019.

18. Plaintiffs did not provide Defendant with consent for Sonia Mascarenhas to debit funds from Plaintiffs' Account on October 3, 2019.

19. Prior to October 3, 2019, Plaintiffs were not aware that $10,000.00 was to be debited from Plaintiffs' Account by Sonia Mascarenhas, as delineated above.

20. In October 2019, Defendant provided to Plaintiffs a monthly statement relative to Plaintiffs' Account.

21. The statement Defendant provided to Plaintiffs, in October 2019, contained information regarding the electronic transfer of funds from Plaintiffs' Account to Sonia Mascarenhas on October 3, 2019.

22. In October 2019, upon Plaintiffs' receipt of the monthly statement from Defendant relative to Plaintiffs' Account, Plaintiffs ascertained that $10,000.00 was debited from Plaintiffs' Account.

23. Within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiffs provided Defendant with information to allow Defendant to identity Plaintiffs' Account, such as:

    a. Plaintiffs' Account number;

    b. Plaintiffs' personal identifying information;

    c. The name under which Plaintiffs' Account was registered;

    d. The date of the transaction which Plaintiffs disputed relative to Plaintiffs' Account;

      e.    The amount of the transaction which Plaintiffs disputed relative to Plaintiffs' Account; and,

      f.    The transaction reference number relative to the transaction Plaintiffs disputed with respect to Plaintiffs' Account.

24.    In addition, Plaintiffs provided Defendant with oral notice that they believed an error was contained on the aforesaid monthly account relative to the debit of funds by Sonia Mascarenhas relative to Plaintiffs' Account on October 3, 2019.

25.    On multiple occasions, within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiffs provided Defendant with oral notice that they were certain the debit of funds by Sonia Mascarenhas relative to Plaintiffs' Account on October 3, 2019 was an unauthorized electronic transfer of funds from Plaintiffs' Account to Sonia Mascarenhas.

26.    On multiple occasions, within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiffs provided Defendant with oral notice that he believed the debit of funds by Sonia Mascarenhas relative to Plaintiffs' Account on October 3, 2019 was an incorrect electronic transfer of funds from Plaintiffs' Account to Sonia Mascarenhas.

27.    On multiple occasions, within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiffs informed Defendant that they did not provide Sonia Mascarenhas with consent to debit funds from Plaintiffs' Account on October 3, 2019.

28.    On multiple occasions, within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiffs provided Defendant with oral notice of the circumstances as to why Plaintiffs believed the debit of funds by Sonia Mascarenhas on October 3, 2019, was carried out in error, such as:

      a.    Plaintiffs never authorized the debit of funds from Plaintiffs' Account;

b. Plaintiffs never provided Sonia Mascarenhas with permission, consent or authority to debit funds from Plaintiffs' Account;

c. The Plaintiffs do not know or have any relationship with Sonia Mascarenhas and would have no reason to send her $10,000; and,

d. The funds Sonia Mascarenhas debited from Plaintiffs' Comerica Account was relative to a bill Plaintiff was neither primarily or secondarily liable to pay.

29. Defendant received Plaintiffs' dispute over the erroneous transfer from Plaintiffs' Account.

30. In Plaintiffs' correspondence to Defendant, Plaintiffs identified the funds debited by Sonia Mascarenhas from Plaintiffs' Account.

31. On October 17, 2019, Defendant responded to Plaintiffs' dispute.

32. In Defendant's aforesaid correspondence, Defendant stated that it completed its investigation and concluded it would not honor Plaintiffs' dispute and would not replace the $10,000 stolen from Plaintiffs' account.

33. In Defendant's aforesaid correspondence, Defendant stated that its investigation found that the transaction was completed using a device that is consistent with previous account activity. Defendant further stated that a "SafePass code" was send to a valid phone number on Plaintiffs' account.

34. Defendant's statements in its correspondence are untrue in that no phone associated with Plaintiffs' account received any code or text or any similar request on the date the transfer was made.

35. To date, Defendant has not conducted a sufficient investigation relative to the error complained of by Plaintiffs.

36. To date, Defendant has not issued Plaintiffs a credit for the funds debited by Sonia Mascarenhas from Plaintiffs' Comerica Account.

37. Presently, Plaintiffs remain without the $10,000.00 debited by Sonia Mascarenhas from Plaintiffs' Comerica Account.

38. Defendant has not made a good faith investigation of Plaintiffs' dispute, and did not have a reasonable basis for believing Plaintiffs' account was not in error.

39. Defendant knowingly and willfully concluded Plaintiffs' account was in error without any reasonable basis for such a conclusion given the evidence available to Defendant at the time of its investigation.

40. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

41. Alternatively, Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(c).

42. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered, and continue to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiffs, PATRICK & KATHLEEN MURPHY, by and through their attorneys, respectfully prays for respectfully prays for Judgment to be entered in favor of Plaintiffs and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiffs' attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

### V.    JURY DEMAND

43. Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,
**PATRICK & KATHLEEN MURPHY**

By:   s/ David M. Marco
      Attorney for Plaintiffs

Dated: October 15, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com